IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHAD R. WALKER, ET AL.,<br><br>        Plaintiffs,<br><br>  v.<br><br>MAYA MARIE HERING, ET AL.,<br><br>        Defendants.<br>_____ | CIV. NO. 14-00581 LEK-BMK<br><br><br>FINDINGS AND<br>RECOMMENDATION TO GRANT<br>PLAINTIFFS' MOTION TO<br>REMAND |

**FINDINGS AND RECOMMENDATION TO GRANT**
**<u>PLAINTIFFS' MOTION TO REMAND</u>**

Before the Court is Plaintiffs' Chad R. Walker and Jennifer Walker's (collectively, "Plaintiffs") Motion for Leave to file First Amended Complaint and Remand Case to the Circuit Court of the Third Circuit, State of Hawaii, filed on January 22, 2016 ("Motion"). (Doc. 44.) On February 18, 2016, Defendants Maya Marie Hering, in her individual capacity and as personal representative of the Estate of Jean Lynn Hearing, deceased ("Ms. Hering"), and the Estate of Jean Lynn Hearing (collectively, "Defendants") filed a Memorandum in Opposition to Plaintiffs' Motion. (Doc. 46.) Plaintiffs filed their Reply on February 24, 2016. (Doc. 48.) After careful consideration of the Motion, the supporting and opposing memoranda, the arguments of counsel, and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED.

## BACKGROUND

On October 31, 2014, Plaintiffs filed an action in the Circuit Court of the Third Circuit for the State of Hawaii ("State Court") alleging negligent misrepresentation, negligence, and unfair and deceptive trade practices stemming from Defendants' failure to disclose the existence of a historic plantation-era cemetery on a parcel of land Defendants sold to Plaintiffs. (Doc. 1-1.) On December 30, 2014, Defendants removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (Doc. 1.)

On January 22, 2016, Plaintiffs filed the Motion currently pending before this Court, seeking to assert new allegations and to name two new defendants: Karen B. Clarkson ("Clarkson") and Clark Realty Corporation ("Clark Realty"). (Doc. 44 at 9.) Plaintiffs assert that Clarkson, an independent contractor and real estate agent with Clark Realty, is a resident of the County and State of Hawaii. (Doc. 44-3 at 3.) Plaintiffs further assert that Clark Realty is a Hawaii registered domestic profit corporation with its principal place of business in the County and State of Hawaii. (Id. at 4.) Plaintiffs' Motion also seeks to remand this action to State Court because Clarkson is a resident of Hawaii and Clark Realty is a Hawaii corporation, and therefore, complete diversity would be destroyed if these parties were named as Defendants. (Doc. 44-1 at 3.)

On March 10, 2016, the Court held a hearing on Plaintiffs' Motion.

(Doc. 50.) Having analyzed the pertinent factors, and finding good cause, the Court orally granted Plaintiffs' Motion for Leave. (Id.) On March 24, 2016, the Court filed its Order Granting Plaintiffs' Motion, allowing Plaintiffs to file their First Amended Complaint, and thereby destroying diversity. (Doc. 52.)

## DISCUSSION

A motion to remand may be brought to challenge the removal of an action from state to federal court. 28 U.S.C. § 1447(c). Removal of a civil action from state court to the appropriate federal district court is permissible only if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441. Ninth Circuit precedent makes clear that in a diversity case, once non-diverse defendants are added, remand becomes mandatory. Stevens v. Brink's Home Security, Inc., 378 F.3d 944, 949 (9th Cir. 2004) (citing 28 U.S.C. § 1447(e), which requires a district court either to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court). Pursuant to Ninth Circuit precedent, upon the Court's grant of Plaintiffs' request to add non-diverse parties, remand became mandatory and proper. Accordingly, the Court FINDS AND RECOMMENDS that Plaintiff's request to remand this matter to State Court be GRANTED.

\\

\\

3

# **CONCLUSION**

Based on the foregoing, the Court finds that it is divested of original jurisdiction due to Plaintiffs' additional naming of non-diverse defendants in this matter. Accordingly, the Court FINDS AND RECOMMENDS that Plaintiff's Motion to Remand to State Court be GRANTED.

IT IS SO FOUND AND RECOMMEDED.

DATED: Honolulu, Hawaii, March 28, 2016.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Walker, et al. v. Hering, et al., CIV. NO. 14-00581 LEK-BMK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION TO REMAND.